**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Pulley, | ) No. CV-09-1825-PHX-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Michael J. Burke, et al., | ) |
| Defendants. | ) |

The court has before it a motion to dismiss by the Superior Court of Arizona in La Paz County and La Paz County Superior Judge Michael J. Burke ("State Judicial Defendants") (doc. 9), and a motion to dismiss by Charles E. Cruise and the Cruise Law Offices, PLLC, ("Cruise Defendants") (doc. 7). Plaintiff has not filed a response to either motion and the time for doing so has expired. See LRCiv 7.2(c). We also have before us defendants' joint motion for summary disposition of the pending motions to dismiss (doc. 14), and the Cruise defendants' motion to continue the scheduling conference (doc. 15).

Judge Michael Burke is currently presiding over the state court matter of Pulley v. Haahr, No. CV-2005-0140, in the Superior Court of Arizona in La Paz County. The Cruise Defendants represent Mr. Haahr in that matter. On August 21, 2008, an oral argument was held before Judge Burke in which Mr. Pulley was sanctioned and ordered to provide required disclosures to Mr. Haahr. The Cruise Defendants are alleged to have provided a proposed

1  form of order, which Judge Burke signed. Plaintiff now claims that the order did not fairly
2  represent Judge Burke's oral ruling at the hearing. Plaintiff brought this action asserting that
3  defendants deprived him of various constitutional rights in violation of 42 U.S.C. § 1983, as
4  well as state law claims of abuse of process and conversion, all relating to the state court
5  proceeding.

6  Plaintiff alleges § 1983 claims against Judge Burke for actions taken in his capacity
7  as a judicial officer. Judge Burke argues that these claims must be dismissed on the basis of
8  judicial immunity. We agree. The doctrine of judicial immunity protects judges from state
9  and federal claims related to acts performed in their judicial capacities. Stump v. Sparkman,
10 435 U.S. 349, 356, 98 S. Ct. 1099, 1104 (1978); Acevedo v. Pima County Adult Prob. Dep't,
11 142 Ariz. 319, 321, 690 P.2d 38, 40 (1967). Each of the allegations against Judge Burke
12 relates to his judicial acts. Therefore, he is absolutely immune from liability for these claims.
13 Moreover, to the extent plaintiff raises claims against Judge Burke in his official capacity or
14 against the Superior Court of La Paz County, these are claims against the State that are barred
15 by the Eleventh Amendment. Finally, we have no authority to provide appellate review of
16 state court decisions. These issues are properly presented to the Arizona Court of Appeals.

17 The Cruise Defendants argue that the § 1983 claims asserted against them must be
18 dismissed because plaintiff fails to allege that they were acting under color of state law. We
19 agree. There is no allegation that the Cruise Defendants are state actors or that they were
20 "a willful participant in joint action with the State or its agents" sharing the common "goal
21 of violating plaintiff's constitutional rights." Franklin v. Fox, 312 F.3d 423, 445 (9th Cir.
22 2002). To survive a motion to dismiss for failure to state a claim, the complaint need not
23 contain detailed factual allegations, but it must, at a minimum, plead "enough facts to state
24 a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570,
25 127 S. Ct. 1955, 1974 (2007). "Threadbare recitals of the elements of a cause of action,
26 supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct.
27 1937, 1949 (2009). Plaintiff's' conclusory allegations that the Cruise Defendants conspired
28

with Judge Burke to deprive him of his constitutional rights fall far short of what is required to state a facially plausible claim.

The state law claims are similarly insufficient to survive the motions to dismiss. Although asserted as claims for abuse of process and conversion, the factual allegations do not support such claims.

Finally, plaintiff's failure to respond to the motions to dismiss serves as an additional basis upon which to grant defendants' motions. Under LRCiv 7.2(i), if a party "does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."

For all of these reasons, **IT IS ORDERED GRANTING** the State Judicial Defendants' motion to dismiss (doc. 9), and **GRANTING** the Cruise Defendants' motion to dismiss (doc. 7). **IT IS FURTHER ORDERED DENYING** defendants' joint motion for summary disposition as moot (doc. 14) and **DENYING** the Cruise defendants' motion to continue the scheduling conference as moot (doc. 15). It is ordered vacating the Rule 16 conference set for December 11, 2009.

We urge plaintiff to seek the advice of counsel. If he does not have one, he may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 24th day of November, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge